UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 07 CR 707 |
| ) | |
| RODNEY TANNER, ) | Judge Ronald A. Guzman |
|     a/k/a "T-Mac," ) | |
| KEITH CALVERT, and ) | |
| FRED CALVERT ) | |

GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE
REGARDING EVIDENTIARY MATTERS

The United States of America, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby respectfully moves in *limine* with respect to multiple evidentiary matters.

I.   General Motions in Limine

The government moves that the Court preclude the parties from (a) arguing or mentioning the penalties faced by the defendants if they are convicted; and (b) discussing discovery matters in the jury's presence.

  A.   Potential Penalties Faced by the Defendants if Convicted

The government respectfully moves this Court to preclude the parties from attempting to introduce evidence, make argument, or otherwise mention the potential penalties the defendants face if they are convicted.

The Seventh Circuit has held unequivocally that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court"). Under well-settled law, such argument or evidence is improper because the potential penalties faced by a defendant are irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994)

("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed'" (quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975))); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict"). Mention of the potential penalties faced by the defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial" (quoting *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980))).

  B. <u>Discovery Requests or Comments Regarding Discovery in the Jury's Presence</u>

  The government further moves that this Court preclude the parties from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury.

  Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. In fact, as often happens, counsel's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government requests that the Court require that all comments relating to discovery be made outside the presence of the jury. This system has been used in other cases and has worked well. The government believes it is a fair and sensible one to employ here. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial").

II.    <u>Motions in Limine to Preclude Defendants from Attempting to Admit Various Types of Evidence And/or Making Various Forms of Argument</u>

The government moves that the Court preclude the defendants from (a) engaging in forms of argument designed to elicit jury nullification; (b) presenting evidence concerning, or otherwise referring to, the motivation of government agents for engaging in the investigation or prosecution of the defendants; (c) presenting evidence of, or making reference to, the defendants' character for lawfulness except as otherwise allowed by Rule 405(a); and (d) arguing that, as a matter of law, the defendants cannot be convicted of conspiracy because they had only entered a conditional agreement;

A.    <u>Forms of Argument or Evidence Designed to Elicit Jury Nullification</u>

This Court should issue an order precluding the defendants from making arguments, admitting evidence or framing questions in the presence of the jury that are designed to induce jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant") (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988), and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983)).

Although the government is concerned about any attempt to induce jury nullification, the government is particularly concerned about two types of arguments in this case. First, the government is concerned that the defendants may, outside the framework of an entrapment defense, argue to the jury or otherwise suggest that the government's use of a sting operation was unfair, improper or constituted outrageous government conduct. Second, the government is concerned that

the defendants may make arguments to the jury that they should put themselves in the defendants' shoes. This Court should specifically preclude the defendants from making either type of argument or suggestion in the jury's presence.

    [1]    <u>Alleging Sting Operation Was Unfair, Improper or Constituted Outrageous Government Conduct</u>

The defendants are charged with conspiring to rob multiple kilograms of cocaine from a drug trafficking organization ("DTO"). However, the DTO did not really exist; rather, the defendants allegedly committed the charged offenses during a government "sting" operation that involved a confidential informant ("CI") who was approached by defendant Tanner regarding whether the CI knew of any robberies and then introduced Tanner to an undercover federal agent posing as someone with information about a potential robbery. Thus, the government is concerned that the defendants may attempt to seek jury nullification by arguing or otherwise suggesting in some manner (*e.g.*, in the form of a question of a witness) that the government's use of sting operation was improper, unfair to the defendants or otherwise constituted "outrageous government conduct," a concept which has expressly been rejected in this Circuit. *See United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995) (concept of "outrageous government conduct" as basis to dismiss an indictment or reverse a conviction "never had any life" in the Seventh Circuit "and it certainly has no support in the decisions of this court, which go out of their way to criticize the doctrine"); *see also United States v. Dawson*, 425 F.3d 389, 394 (7th Cir. 2005) (affirming *Boyd*). Except as argued in the context of a permissible entrapment argument (and the government has demonstrated in a separate motion that there is no permissible entrapment argument in this case), any suggestion to the jury that the government acted improperly, unfairly or illegally by conducting a sting operation would only serve to induce nullification by inciting the individual jurors' fear of government persecution.

It should also be noted that the defendants could indirectly insinuate outrageous government conduct through the use of certain language. For example, depending upon context, references to the defendants as having been "set up," "framed," "targeted," "hunted down," "tricked by the government," etc., could leave hanging in the air above the jury the suggestion that the government's

use of the sting operation should be punished by the jury via nullification. Such arguments would be improper and defendants should be precluded from inviting the jury to engage in nullification.

[2]   Making So-Called "Golden Rule" Arguments to the Jury

"[A] 'Golden Rule' appeal in which the jury is asked to put itself in the defendant's position is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, ___ F.3d ___, 2007 WL 1839161 (7th Cir. June 28, 2007) (quoting *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)) (internal quotation marks omitted); accord *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (finding "Golden Rule" argument improper); *Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3d Cir. 1988) (same); *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) (same); *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir.2000) (same).

The government is concerned that, outside the context of a permissible entrapment argument, defense may argue that the government acted improperly or unfairly by using a sting operation during the course of the investigation along the lines of the following: "How would you like it if the government approached you about a crime when you were minding your own business and then, when you agreed to do the crime only because they proposed it, they then prosecuted you for agreeing to go along with it?" Any suggestion along these lines is a classic "Golden Rule" argument that is improper because it would only serve the purpose of inducing jury nullification by (a) appealing to the jurors' bias and fear of possible government persecution, or (b) suggesting that acquittal is appropriate because the jurors personally find the government's use of a sting operation to be offensive. Therefore, this Court should expressly preclude any such argument or suggestion by the defendants.

B.   Presenting Evidence Concerning, or Otherwise Referring to, the Government's Motivation for Engaging in the Investigation and Prosecution of the Defendants

This Court should preclude the defendants from attempting to admit evidence concerning, or otherwise referring to, the government's motivation for engaging in the investigation and

prosecution of the defendants.

First, inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, that it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"). This fact remains true even in cases where a defendant is permissibly pursuing an entrapment defense because "the entrapment defense 'focus[es] on the intent or predisposition of the defendant to commit the crime' . . . rather than upon the conduct of Government agents." *See Hampton v. United States*, 425 U.S. 484, 488 (1976) (quoting *United States v. Russell*, 411 U.S. 423, 429 (1973)). In addition, unless offered for a relevant evidentiary purpose (*e.g.*, to explain an agent's or an informant's conduct or to prove bias), evidence of conversations between the government and its cooperating witnesses are immaterial. *See United States v. Rovetuso*, 768 F.2d 809, 819 (7th Cir.1985), *cert. denied*, 474 U.S. 1106 (1986).

Second, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

The defendants may, of course, inquire as to bias of any witness to tell the truth while testifying under oath. To the extent the defendants intend to explore the subjective motives or intentions of the officers as being related to bias, the government asks that the Court require an offer of proof prior to such matters being explored upon cross-examination.

C. <u>Presenting Evidence of, or Making Reference to, the Defendants' Character for Lawfulness</u>

This Court should preclude the defendants from presenting evidence of, or making reference to, any defendant's lawfulness, non-corrupt conduct, and prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Rule

405(a).[1]

During the course of the trial, the defendants may attempt to present evidence that the defendants were good, law-abiding persons. Any evidence or argument of this sort is inadmissible and the Court should exclude it. The law is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) (exclusion of taped proof that defendants met regularly and did not discuss criminal activity). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *See, e.g., id.; United States v. Beno*, 324 F.2d 582, 589 (2d Cir. 1963) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (upholding exclusion of evidence that used car dealer paid for some cars instead of stealing them).

A contrary holding would eviscerate the carefully drafted limitations of Rule 405, which forbids proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See Beno*, 324 F.2d at 584, 587. Like Rule 403, Rule 405 is intended to prevent the series of wasteful "mini-trials" which would inevitably ensue if defendants were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See, e.g., Grimm*, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated the case and confused the jury").

---

[1] Even evidence offered under Rule 405(a), of course, cannot include specific instances of good conduct: it is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct. *See* Advisory Committee Notes to Rule 405 (The rule "contemplates that testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.* be confined to the nature and extent of observation and acquaintance upon which the opinion is based").

D.  <u>Argument That, as a Matter of Law, the Defendants Cannot Be Convicted of Conspiracy Because They Had Only Entered a Conditional Agreement.</u>

This Court should preclude the defendants from arguing that, as a matter of law, they could not be convicted of conspiracy because their agreement to do the robbery was conditioned upon the fulfillment of various factors.

As discussed above, this case involved a sting operation in which the defendants allegedly agreed to rob a DTO drug stash house. At the time the conspiracy ended (which was at some time in the late afternoon and evening of October 25, 2007, after the defendants met with undercover federal agents in a parking lot in North Chicago, Illinois and then defendants Tanner and Keith Calvert went with the undercover agents to a warehouse in North Chicago), several issues related to the mechanics of the robbery were unresolved, such as the exact location of the robbery site.

The law is well settled that a defendant may be convicted of conspiracy under 21 U.S.C. § 846 even though various details of the agreement were left unresolved. *See United States v. Anello*, 765 F.2d 253, 261-263 (1st Cir. 1985) (finding that a defendant could be convicted of conspiracy as part of drug deal even though the defendant had not agreed to certain conditions of the sale); *United States v. Sharif*, 817 F.2d 1375, 1377-79 (9th Cir. 1987) (finding that conspiracy may exist even though terms such as "price, quantity, and time, place, and manner of delivery" have not been determined, Court notes that the conspiratorial agreement "necessarily looks to a future objective" and that "as projections into the future, conspiratorial intentions, and the objects they define, are by nature conditional") (citation and internal quotation marks omitted)); *United States v. Brown*, 946 F.2d 58, 61 (8th Cir. 1991) (citing *Anello*, and holding that a conditional offer to purchase marijuana is sufficient to prove a conspiracy); *United States v. Grassi*, 616 F.2d 1295, 1302 (5th Cir. 1980) (finding that preliminary discussions of a drug deal were sufficient to prove conspiracy, Court stated that "[i]t is true that the importation was to occur only if [defendants] became satisfied that they were not dealing with police, but such a proviso is like any condition in an agreement," and "[t]hat the agreement was subject to a condition does not make it any less an agreement").

The Seventh Circuit reached the same conclusion in *United States v. Podolsky*, 798 F.2d 177 (7th Cir. 1986). The defendant in *Podolsky* agreed to burn down a building provided that nobody was present inside the building. When the defendant arrived at the target location, he decided not to go through with the job because he saw a light on inside the building and thought that somebody may have been occupying the building. He was then arrested and subsequently convicted of conspiracy to commit arson under 18 U.S.C. § 371. In affirming the defendant's conviction, the Court stated:

> Podolsky . . . argues that there was no such conspiracy because his agreement to burn down 2438 was conditional on its being emptied of people, a condition apparently not fulfilled. But a conspiracy may be actionable, even though it is conditional. *United States v. Anello*, 765 F.2d 253, 262 (1st Cir.1985). Every conspiracy is conditional to some extent, for no one agrees to go through with an agreement no matter what. Conditions, express or implied, do not make a contract unenforceable; they merely define the circumstances in which a party can avoid having to perform his contractual obligation; they presuppose rather than nullify the obligation. See Farnsworth, Contracts 536 (1982). Since criminal agreements are not enforceable, it would hardly make sense to import the law of contracts wholesale into the criminal law of conspiracy; we mention contract law only to make clear that "conditional agreement" is not an oxymoron.

*Id.* at 178. The Court further noted that although "[t]he lighted window warned [defendants] off . . . this is the kind of mischance that often crowns a conspiracy with failure - without making the conspiracy innocent." *Id.* at 179. Finally, the Court went on to note that "supervening impossibility would not defeat a conspiracy charge." *Id.* (citing *United States v. Jones*, 765 F.2d 996, 1002 (11th Cir. 1985)); accord *United States v. Townsend*, 924 F.2d 1385, 1399 (7th Cir. 1991) (citing *Podolsky*, Court in drug conspiracy case notes that defendant was "confusing failure to perform with reluctance to perform; only the latter is relevant to the question of whether a conspiracy existed, because the offense of conspiracy is complete at the time of agreement, whether or not its object is ever achieved").

The defendants are free, of course, to argue that all of the evidence in the case, including any unresolved aspects of the robbery plan, creates reasonable doubt as to whether they entered into the alleged conspiratorial agreement. *See Podolsky*, 798 F.2d at 179. However, the defendants should be precluded from misrepresenting the law by arguing that the presence of unfulfilled conditions

-9-

establishes *as a matter of law* the absence of an agreement upon which the jury could convict. Put another way, they cannot argue that a legally prosecutable conspiracy cannot exist until all of the conditions of the conspiracy are resolved between the conspirators.

IV.     Conclusion

WHEREFORE, the government respectfully requests that the foregoing motions in limine be granted for the reasons set forth herein.

                                  Respectfully submitted,

                                  PATRICK J. FITZGERALD
                                  United States Attorney

Dated: March 13, 2008           /s/ Edward N. Siskel
                                  EDWARD N. SISKEL
                                  TYLER MURRAY
                                  Assistant United States Attorneys
                                  219 South Dearborn Street, 5th Floor
                                  Chicago, Illinois  60604
                                  Phone: (312) 353-5300

CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that, in accordance with Federal Rules of Criminal Procedure 49 and 5, and Local Rule 5.5, and the General Order on Electronic Case Filing ("ECF"), the following document:

GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE CONCERNING EVIDENTIARY MATTERS

was, on March 13, 2008, served pursuant to the district court's ECF system upon the following attorneys listed below and hard copies were hand delivered to the attorneys at the addresses listed below.

To:   Counsel for Rodney Tanner
      Ron Clark, Esq.
      221 N. La Salle St., Suite 1938
      Chicago, IL 60601

      Counsel for Keith Calvert
      Alison M. Siegler, Esq.
      Federal Defender Program
      55 E. Monroe St., Suite 2800
      Chicago, IL 60604

      Counsel for Fred Calvert
      Jerry Bischoff, Esq.
      35 East Wacker Dr., Suite 650
      Chicago, IL 60601

/s/ Edward N. Siskel
EDWARD N. SISKEL
TYLER MURRAY
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois  60604
Phone: (312) 353-7602