UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 707 |
| v. ) | |
| ) | Judge Ronald A. Guzman |
| FRED CALVERT ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT FRED CALVERT'S
MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

The United States of America, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby responds in opposition to defendant Fred Calvert's Motion to Dismiss Count One of the Indictment:

Defendant's entire motion is based on the flawed legal premise that he cannot be guilty of conspiracy to possess with intent to distribute a controlled substance if there were no actual drugs to be stolen and the purported drug dealer was an undercover federal agent. Defendant's factual impossibility argument has long been rejected by courts in this Circuit and every other circuit to have addressed the issue. Moreover, nothing in *United States v. Salgado*, 519 F.3d 411 (7th Cir. 2008) – the only case cited in support of defendant's position – holds otherwise. Therefore, defendant's motion should be denied.

Defendant does not dispute that the allegations in the indictment and criminal complaint describe an agreement between him and his co-defendants, Rodney Tanner and Keith Calvert, to carry out an armed robbery of a drug stash house, steal multiple kilograms of cocaine and divide the proceeds amongst themselves. Indeed, defendant concedes that if the undercover agent had been a disgruntled drug courier, as he purported to be, and there had been actual kilograms of cocaine in a stash house, he would properly be charged with conspiring to possess with intent to distribute in excess of five kilograms of cocaine. Defendant's sole argument is that he cannot be guilty of conspiracy where there were no actual drugs. In other words, because the objective of the conspiracy

was impossible to carry out, there can be no conspiracy.

The problem with defendant's argument is that a long line of precedent holds the exact opposite. Impossibility is not a defense to conspiracy. As the Seventh Circuit has recognized: "[A] person can conspire to distribute drugs without every actually distributing drugs, indeed without ever having acquired drugs to distribute. One may commit the crime of conspiracy even though it is impossible to perform all of the acts constituting the substantive offense." *United States v. Warneke*, 310 F.3d 542, 547 (7th Cir. 2003) (citing cases). *See also United States v. Shively*, 715 F.2d 260, 266 (7th Cir. 1983) ("'[I]t does not matter that the ends of the conspiracy were from the beginning unattainable,'" quoting *United States v. Giordano*, 693 F.2d 245, 249 (2d Cir. 1982)); *United States v. Rose*, 590 F.2d 232, 235-36 (7th Cir. 1978) (rejecting argument that conspiracy to transport stolen goods could not exist where there were no stolen goods because "[w]hether the substantive crime itself is, or is likely to be, committed is irrelevant" to the crime of conspiracy). Thus, courts have repeatedly rejected the argument that one cannot be guilty of conspiracy to commit drug offenses where the narcotics or narcotics traffickers involved did not exist, *see e.g.*, *United States v. Taylor*, 480 F.3d 1025, 1027 (11th Cir. 2007); *United States v. Rodriguez*, 360 F.3d 949, 955-57 (9th Cir. 2004); or where federal agents used sham narcotics, *United States v. Murray*, 527 F.2d 401, 411-12 (5th Cir.1976); or where the conspiracy's objectives could never come to fruition because the defendants had conspired with a federal agent who would prevent any actual narcotics from changing hands, *United States v. Belardo-Quinõnes*, 71 F.3d 941, 944 (1st Cir.1995), because factual impossibility is not a defense to a charge of conspiracy.

The Seventh Circuit's decision in *United States v. Salgado* is not to the contrary. In *Salgado*, the defendants were convicted of (1) attempting to rob a person having custody of money belonging to the United States, in violation of 18 U.S.C. § 2114(a); and (2) conspiring to steal money from the United States, in violation of 18 U.S.C. § 371. The defendants planned to rob a drug customer, but unbeknownst to them, the customer was a government informant and they were arrested before the robbery could take place. The court reversed the section 2114(a) conviction because the informant

was not carrying any money belonging to the United States, and the particular statute they were charged with violating turns on "what is in the victim's pocket." 519 F.3d at 413. But the court's analysis was specific to the wording and structure of section 2114(a), and had nothing to do with the crime of conspiracy to possess with intent to distribute a controlled substance. In fact, the court recognized that for purposes of the separate conspiracy conviction, it is the agreement that constitutes the crime and it is irrelevant whether the conspirators could succeed in fulfilling their objective. *Id*. at 414. The problem with the conspiracy conviction was not factual impossibility – that defendants could not be guilty because there was no money in the informant's pockets. Rather, the conspiracy conviction could not stand because there was never any agreement among the defendants to steal money from the United States. *Id*. (noting that the conspiracy charge "avoids one problem (that the informant's pockets were empty) at the cost of another . . . [that] there is no evidence that the conspirators agreed 'to rob a person having lawful charge of money of the United States.'"). The defendants in *Salgado* agreed to steal money *belonging to a drug dealer* (not money belonging to the United States as charged) and it is the agreement that makes all the difference.

Here, the defendants agreed to steal kilograms of cocaine and distribute them amongst themselves. They were recorded on video with an undercover agent discussing a plan to break into a drug stash house, steal approximately 20 kilograms of cocaine and then divide up the kilograms amongst themselves, and took steps to bring that plan to fruition. The crime of conspiracy was complete at that point regardless of whether the substantive crime could ever be carried out. Moreover, unlike in *Salgado* where there was a mismatch between the goal of the conspiracy and the charged offense, here the objective of defendants' agreement – possession with intent to distribute cocaine – is exactly the conspiracy they are charged with committing. Under these circumstances, it is entirely irrelevant whether there were actual kilograms to be stolen, because "[t]he crime of conspiracy is committed, or not, before the substantive crime begins." *Id*. at 415.

WHEREFORE, the government respectfully requests that the Court deny defendant Fred Calvert's Motion to Dismiss Count One of the Indictment for the reasons set forth herein.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

Dated: July 11, 2008        /s/ Edward N. Siskel
        EDWARD N. SISKEL
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois  60604
        Phone: (312) 353-7602

CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT FRED CALVERT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

was served on July 11, 2008, pursuant to the district court's ECF system in accordance with Federal Rules of Criminal Procedure 49 and 5, and Local Rule 5.5, and the General Order on Electronic Case Filing.

/s/ Edward N. Siskel
EDWARD N. SISKEL
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
Phone: (312) 353-7602